[No. 1229. Decided May 17, 1894.]

F. X. PREFONTAINE, *Executor of the Last Will and Testament of Margaret Harmon, deceased, Respondent,* v. MAURICE McMICKEN, *Administrator de bonis non of the Estate of Sarah M. Renton, deceased,* AND JOHN A. CAMPBELL, *Executor of the Last Will and Testament of William Renton, deceased, Appellants.*

PARTY WALL — ACTION FOR COST — EVIDENCE.

In an action for the recovery of the cost of construction of one-half of a party wall, the testimony of the architect as to the proportion such party wall bore to the cost of the whole building is *prima facie* sufficient to establish its cost.

In such a case, the testimony of the architect that one-half of the cost of the construction of a party wall had not been paid by the party who contracted to pay it, is sufficient *prima facie* evidence to establish non-payment.

In an action against the parties to a party wall contract proof on the part of the plaintiff that ownership in the land charged with the party wall still continued in the defendants, who were the contracting parties, is unnecessary, as want of ownership is more properly a matter of defense.

*Appeal from Superior Court, King County.*

*Burke, Shepard & Woods,* and *Struve, Allen, Hughes & McMicken,* for appellants.

*Bausman, Kelleher & Emory,* for respondent.

The opinion of the court was delivered by

ANDERS, J. — This action was brought to recover half the alleged cost of the erection of a certain brick wall which had been erected in pursuance of a party wall agreement between plaintiff's testator and the defendants' decedents.   The terms of this agreement were that if the wall should be erected by either of the parties thereto as specified in the contract the other parties would, if they should afterwards make use of the wall by the erection of a building on their lot, pay one-half of the actual cost of such erection upon being notified of the amount thereof by the party who had caused the wall to be erected.   Said contract contained a stipulation that the covenants thereof should run with the land.   These matters were set out in detail in the contract, but it is not necessary to further specify them for the purposes of this opinion.

Upon the trial of the cause the defendants, though present in court, contented themselves with making objections to the proof offered on the part of the plaintiff, and a cross examination of his witnesses, and made no effort to contradict the case as made by the plaintiff by any affirmative proof.   After the proofs were all in, they contested the right of the plaintiff to recover on four grounds:

1.  That the cost of the party wall was not shown by definite and competent evidence.

2.  That there was no competent evidence of the furnishing of a statement of its cost to the decedents of the respective defendants, or either of them.

3.  That it was not shown that the wall was used by the decedents of the respective defendants, or either of them, or that the half lot lying north of the plaintiff's lot and of the party wall was owned by the defendants' decedents, or either of them, when the party wall was used in the course of the erection of a building thereon.

4. That non-payment of the sum claimed by the plaintiff was not proved.

As to the first point it is contended that the proof offered on the part of the plaintiff tended only to show what would be a reasonable price for the erection of the wall in question, and that it was not sufficient to establish the fact that the actual cost thereof was the certain sum for the half of which the action was brought. The testimony in that regard was not as full and clear as it might have been, but when taken in connection with all the surroundings we think sufficient facts were shown to establish a presumption that the actual cost of the wall was equal to double the amount for which the action was brought. It would be a very unusual thing for one constructing as a part of her building a party wall, as did the plaintiff's testator under the contract in question, to construct such wall under a separate contract so that the exact cost could be stated as a separate proposition, uninfluenced by its connection with the building as a part of which it was erected. The usual practice would be to let the contract for the erection of the whole building, including the wall, and then determine the cost of the wall by finding out what proportion its erection bore to that of the whole building. By such a course the other party to the party wall contract could hardly be injured, and would in most cases be largely benefited, as, by having the wall constructed as a part of the whole building, its cost would very likely be less than it would if constructed as a separate job. Assuming that this would be a proper way to determine the cost of the party wall, we think the testimony of the architect was sufficient to *prima facie* establish the fact that its actual cost to plaintiff was equal to double the amount for which the action was brought.

As to the next question, there was, in our opinion, sufficient proof to so establish the fact of service of notice of

the cost of the wall upon the plaintiff's decedents as to require of them a showing that such notice had not been received to enable them to escape liability on that account. .

In regard to the third point made by the appellants it is only necessary to say that the title to the property being in the defendant's decedents at the time of the making of the contract, the plaintiff had a right to assume that that ownership was continuing at the time the use of the wall was made, and that if such was not the fact it was matter of defense.    That the ownership of real estate once shown to be in a certain party will be presumed to have continued until the contrary is shown, may be stated as a general proposition, and especially should that be held to be the rule under the circumstances disclosed by this record, where the parties were all in court and defendants in a position to have proved that they had parted with the ownership, if such had been the fact, much more easily than could the plaintiff have shown the contrary.

As to the question of the proof not showing that the claim had not been paid, it would seem that the testimony of the architect should be held to have *prima facie* established the non-payment, if it was necessary for the plaintiff to prove it at all, as to which there may be question, the general rule being that the fact of payment is matter of defense.    It is not, however, necessary that we should decide as to whether or not that was applicable to this particular case, as we think there was enough proof tending to show that the amount had not been paid to put the defendants upon their proof as to that fact.

Such being our determination as to the questions of fact raised by the appellants in their brief, it is not necessary that we should discuss any other questions presented.

The judgment must be affirmed.

DUNBAR, C. J., and SCOTT, HOYT and STILES, JJ., concur.